## W. T. DAVIDSON v. CHARLES BEERS *et al.*

JUDGMENT — *Record Destroyed* — *Proceeding to Establish* — *Practice.* In a proceeding under chapter 92, Laws of 1883, to establish the record of a judgment destroyed by fire, a defendant in the original action, and a party to the proceeding to establish the judgment, has the right to establish the record of any judgment that he may have obtained, by parol evidence, and to plead and prove any new matter that may have occurred since the rendition of the judgment sought to be established, which operates in whole or in part to extinguish such judgment. .

*Error from Dickinson District Court.*

THE opinion states the case.

*J. P. Campbell,* and *Webb & Webb,* for plaintiff in error.

*C. F. Mead,* and *C. S. Crawford,* for defendant in error Beers.

Opinion by SIMPSON, C.: The plaintiff in error, Davidson, commenced an action in the district court of Dickinson county against E. T. Pulliam, Malinda Pulliam, and Charles Beers,

under chapter 92 of the Laws of 1883, to establish a judgment rendered by the district court of Dickinson county, the record of such judgment having been destroyed by fire.   This . law provides in substance that any person desiring to establish such a judgment shall file a petition containing certain averments, (the parties being the same as in the original case,) and notify the parties by personal service of summons, or by the publication of summons, and upon the trial the court may render judgment according to the fact established by the record of such destroyed judgment.   Section 5 of the act provides, that "the defendant may answer by general denial, or by setting forth such new matter arising subsequent to the decree, judgment or order which operated in whole or in part to extinguish or set aside the same, or both, as the facts may warrant." To new matter the plaintiff may reply; the issues are tried by the court, who may, in addition to the evidence, refer to his own recollection, etc.   Beers filed an answer, alleging in substance that after the plaintiff had obtained the judgment he is seeking to establish of record, that he, Beers, had obtained a judgment upon a prior mortgage, and that the land had been sold at judicial sale by the sheriff of the county. It appears from the recitations in the petition in this case that in the judgment sought to be restored there was a finding that Beers was the owner and holder of a prior mortgage on the land against which Davidson was enforcing his mortgage lien.   Counsel for plaintiff in error filed a motion to strike Beers' answer from the files.   This motion was overruled. The plaintiff filed a reply to the answer of Beers, and at the trial the court finds —

"That on the 17th day of January, 1882, a fire destroyed the record of said judgment in this court; that subsequently the defendant, Charles Beers, sold said premises by virtue of an order of sale issued by the clerk of this court after said fire, on a judgment obtained prior to said fire, and without establishing his judgment of record, on a prior mortgage to that of the plaintiff herein.   The court finds further, that the plaintiff's former judgment be modified, so that he recover judgment against said defendants, E. J. Pulliam and Ma-

linda Pulliam, for the amount of his judgment and costs, without having an order for the sale of said premises, or to have his former lien enforced by reason of said subsequent sale as above set forth."

The proper exceptions were saved and the cause is here for review. Counsel for plaintiff in error insists that the trial court committed error in overruling his motion to strike the answer of Beers from the files. In his answer Beers recites the execution of a prior mortgage by Pulliam and wife to T. C. Henry; the assignment of the same to him; that he had brought suit to foreclose it; that Davidson was a party to that action, and had full knowledge of all the proceedings therein; that Beers had obtained judgment; that on the 29th day of May, 1882, the sheriff of Dickinson county, pursuant to the order of said court, sold said premises as provided by law, and that T. C. Henry became the purchaser, and that a sheriff's deed is hereto attached, etc. Now, this answer alleges certain new matter arising subsequent to the judgment of Davidson. This new matter consists in an institution of a suit by Beers, the recovery of a judgment, an order for and a sale of the premises, and the execution of a sheriff's deed. All these things occurred subsequent to the judgment of Davidson, and the judicial sale took place after the fire occurred. This answer was fully authorized by the fifth section of the act of 1883, and there was no error in the ruling of the court in this respect.

Again, it is insisted that the judicial sale made on the Beers judgment is void because there was no record of said judgment, and before it could be enforced it must have been established of record by proper proceedings under the act of 1883. This is the most serious question in the case. It is established by the evidence of Mahan and the recitations contained in the order of sale, that Beers had before the fire obtained a judgment against Pulliam and wife; it also appears from the order of sale, notice of sale, and from the order confirming the sale, that Davidson was made a party in the action of Beers v. Pulliam and others, in which the judgment was

rendered.   All these things are matters of record in the district court of Dickinson county.   We cannot accept the theory that the legislative act of 1883 is and was the only mode in which the burned contents of records could be established. We suppose that, outside of this statute, proceedings could be instituted and the records supplied.   When a judgment has been ordered by the court and the clerk has failed to enter it of record, the fact that it has been ordered must be established by some memoranda among the papers in the case, and then parol evidence is admissible to show the nature of the judgment so ordered.   (See a long list of cases cited in 12 Am. and Eng. Encyc. of Law, p. 82.)   If parol evidence can establish the nature of a judgment that was not made a matter of record, it seems that it ought to be admissible to show the nature of a judgment that was duly entered on the records of the court, when the record was subsequently destroyed by fire.

Again, this whole proceeding, both on the part of the plaintiff in error as well as the defendant in error, is under the law of 1883.   We do not understand that Beers would have to commence a separate and independent action to establish his judgment; he could do so as a defendant.   We are satisfied that there is no material error in the case, and that substantial justice has been done between all the parties.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.